UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Forrest Thompson, et al., | ) | CASE NO. 5:09CV2033 |
| Plaintiffs, | ) | JUDGE JOHN R. ADAMS |
| vs. | ) | |
| Roy Moore, et al., | ) | **MEMORANDUM OF OPINION AND ORDER** |
| Defendants. | ) | [Resolving Doc. 2] |

This matter comes before the Court on a Motion to Dismiss (Doc. 2) filed by Defendants Roy Moore, Richard Hobson, Foundation for Moral Law, Inc., and Benjamin DuPre. For the reasons that follow, the Motion is DENIED.

## I. STATEMENT OF FACTS

Plaintiffs, Forrest Thompson and Infocision Management Corp., filed suit against Defendants on August 3, 2009. In their complaint, Plaintiffs alleged that DuPre sent a letter to the Ohio Attorney General in January of 2009 at the direction of the remaining defendants. Plaintiffs contend that the letter contained false and defamatory remarks, including that Plaintiffs had engaged in criminal misconduct. Plaintiffs' claims for libel, slander, abuse of process, and malicious prosecution each revolve around this letter and its contents.

Defendants removed the matter to this Court on August 31, 2009. On that same day, Defendants moved to dismiss the complaint claiming that the Court lacks personal jurisdiction over them. The Court now resolves that motion.

## II. LEGAL STANDARD

Given that the complaint contains only state law claims, this Court applies Ohio law in determining whether it may exercise jurisdiction over Defendants. *American Greetings Corp. v. Cohn*, 839 F.2d 1164, 1167 (6th Cir. 1988). The Court must engage in a two-step analysis to determine personal jurisdiction under Ohio law. The Court must determine: "(1) ... whether [Ohio's] 'long-arm' statute and the applicable Civil Rule confer personal jurisdiction, and if so, (2) whether granting jurisdiction under the statute and rule would deprive the defendant of the right to due process of law pursuant to the Fourteenth Amendment to the United States Constitution." *Goldstein v. Christiansen*, 70 Ohio St.3d 232, 638 N.E.2d 541, 543 (1994) (quoting *U.S. Sprint Communications Co., Ltd. Partnership v. Mr. K's Foods, Inc.*, 68 Ohio St.3d 181, 624 N.E.2d 1048, 1051 (1994)). The Court must engage in both steps because Ohio's long-arm statute does not extend jurisdiction fully to the limits of due process. *Goldstein*, 638 N.E.2d at 545, n.1. Accordingly, to establish that jurisdiction is proper, both prongs of the analysis must be satisfied. *Id.*

Plaintiff bears the burden of establishing jurisdiction. *American Greetings Corp.*, 839 F.2d at 1168. However, when a court rules solely based upon the pleadings, the plaintiff need make only a prima facie showing of personal jurisdiction to survive a motion to dismiss. *Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1272 (6th Cir. 1998); *CompuServe, Inc., v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996). Accordingly, when ruling without holding an evidentiary hearing, this Court must view the jurisdictional evidence in the light most favorable to the plaintiff. *See Goldstein*, 638 N.E.2d at 544. Despite this fact, a plaintiff may not rely solely on the pleadings in the case; rather, it must show, by affidavit or other documentary evidence,

specific facts establishing personal jurisdiction. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991).

Ohio's long-arm statute, Revised Code Section 2307.382, provides in relevant part as follows:

> (A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:
>
> …
>
> (3) Causing tortious injury by an act or omission in this state;
>
> …
>
> (6) Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he might reasonably have expected that some person would be injured thereby in this state[.]

## III. ANALYSIS

1) <u>Ohio Long-Arm Statute</u>

The complaint contains causes of action for libel, slander, abuse of process, and civil conspiracy. As noted above, the claims revolve around a letter allegedly sent by and at the direction of Defendants to the Ohio Attorney General. "The tort of libel is generally held to occur wherever the offending material is circulated." *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 777 (1984 (citing Restatement (Second) of Torts § 577A, Comment a (1977)). By sending the allegedly libelous letter to Ohio's Attorney General, Defendants caused tortious injury by an act in this state, circulating the offending material within Ohio. Accordingly, the Court finds that the subsections of Ohio's long-arm statute quoted above have been satisfied and the Court, therefore, conducts a due process analysis.

2) Due Process

Following a determination that Ohio's long-arm statute confers personal jurisdiction, "[t]he Court must determine whether the exercise of [personal] jurisdiction comports with constitutional due process." *Air Prods. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 550 (6th Cir. 2007). This Court uses a three-prong test to analyze whether due process will be satisfied by the exercise of specific jurisdiction over a defendant.

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Third, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of personal jurisdiction over the defendants reasonable.

*Scotts Co. v. Aventis S.A.*, 145 Fed. Appx. 109, 113 (6th Cir. 2005) (citing *Southern Machine v. Mohasco Industries*, 401 F.2d 374, 381 (6th Cir. 1968)).

In cases involving claims like those presented, the U.S. Supreme Court has approved of the use of the "effects test" to determine personal jurisdiction. *See Calder v. Jones*, 465 U.S. 783 (1984). In *Calder*, the plaintiff sued two Florida-based writers based upon an article that they authored for the National Enquirer magazine. The Supreme Court found that the writers were amenable to jurisdiction in California because "California [was] the focal point both of the story and the harm suffered." *Id*. at 789. The Court noted that the article detailed the California activities of an "entertainer whose television career centered in California." *Id.* at 788. The Court also indicated that roughly 12 percent of the copies of the magazine were sold in California. *Id.* at 785. Accordingly, the *Calder* Court held that the defendants could "reasonably anticipate being haled into court" in California. *Id.* at 790.

"To satisfy the *Calder* test, the defendant must have (1) committed an intentional act, which was (2) expressly aimed at the forum state, and (3) caused harm, the brunt of which is

suffered and which the defendant knows is likely to be suffered in the forum state." *Boyds Coffee Co. v. Cowboy Boyd's, LLC*, 2008 WL 4461846, at *3 (D.Or. Sept. 30, 2008) (citing *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1156 (9th Cir. 2006). Furthermore, the Sixth Circuit has

> applied *Calder* narrowly by evaluating whether a defendant's contacts with the forum may be enhanced if the defendant expressly aimed its tortious conduct at the forum and plaintiff's forum state was the focus of the activities of the defendant out of which the suit arises. *See, e.g., Reynolds*, 23 F.3d at 1110; *Koch v. Local 438, United Autoworkers Union*, 54 Fed.Appx. 807, No. 00-6200, 2002 WL 31873481, at *3-5 (6th Cir. Feb. 12, 2002); *see also Far W. Capital, Inc. v. Towne*, 46 F.3d 1071, 1079-80 (10th Cir. 1995) (stating that *Calder* did not set forth a per se rule that the allegation of an intentional business tort alone is sufficient to confer personal jurisdiction in the forum where the plaintiff resides, and analyzing instead the terms of the contract, the parties' course of dealing, and the contacts created by the out-of-state-defendant in committing the alleged tort); *Southmark Corp. v. Life Investors Inc.*, 851 F.2d 763, 772-73 (5th Cir. 1988) (stating that contractual relations of a company in the forum state was not necessarily equivalent to "expressly aiming" tortious conduct at the forum, and thus, would not meet due process requirements); *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 264 (3d Cir. 1998) (determining that *Calder* was not satisfied simply because the injury occurred in the forum state and refusing to conclude that the defendant expressly aimed its tortious activity at the forum state since the defendant did not know that a corporation of the forum state could be the victim of its conduct).

*Scotts Co.*, 145 Fed. Appx. at 113, n.1. "Although the 'effects test' has been limited, the existence of intentional tortious conduct nonetheless 'enhances' a party's other contacts with the forum state for purposes of a purposeful availment analysis." *Air Prods.*, 503 F.3d at 552-53.

The actions alleged in the complaint easily satisfy the effects test. Initially, the Court notes that *Calder* itself was a libel/defamation cause of action. In that matter, the alleged defamatory material was never sent directly to the forum state. Despite that fact, jurisdiction was found to exist. In contrast, the alleged defamatory material herein was sent to the forum state. Specifically, Defendants allegedly sent a letter to an elected official in the state of Ohio. The letter allegedly requested that criminal proceedings be commenced against Plaintiffs in the state

of Ohio. From the allegations, it is clear that the letter was intentionally sent to Ohio. Furthermore, there is no question that any harm suffered as a result of the letter will be felt in Ohio, the home state of Plaintiffs. As such, the *Calder* effects test has been satisfied and due process will not be offended by exercising jurisdiction over Defendants.

## IV. CONCLUSION

Based upon the above, Defendants' motion to dismiss is DENIED.

IT IS SO ORDERED.

Date: October 15, 2009

*/s/ John R. Adams*
Judge John R. Adams
UNITED STATES DISTRICT COURT