UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Forrest Thompson, et al., | ) | CASE NO. 5:09CV2033 |
| | ) | |
| Plaintiffs, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| vs. | ) | |
| | ) | |
| Roy Moore, et al., | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |
| | ) | [Resolving Docs. 35, 37] |
| | ) | |

This matter comes before the Court on Defendants' motion for judgment on the pleadings (Doc. 35). On January 10, 2011, Plaintiffs sought leave to oppose the motion. Based upon the Court's conclusion, the motion for leave is GRANTED.[1] (Doc. 37). Accordingly, the Court has been advised, having considered the complaint, pleadings, and applicable law. The motion for judgment on the pleadings is GRANTED.

**I.      STATEMENT OF FACTS**[2]

Plaintiffs Forrest Thompson and Infocision Management Corp. (collectively "Infocision") filed the instant complaint on August 3, 2009 in the Summit County Court of Common Pleas. Defendants Roy Moore, Richard Hobson, Benjamin DuPre, Carl Albright, and the Foundation for Moral Law, Inc., removed the complaint to this Court on August 31, 2009. The complaint contains five counts: 1) libel, 2) slander, 3) abuse of process, and 4) malicious prosecution, and 5) civil conspiracy. The claims all stem from the same core facts alleged by Infocision. Those facts are alleged as follows. Benjamin DuPre sent a letter to the Ohio

---

[1] The Court has previously indicated that it would permit Defendants an opportunity to oppose this motion for leave. In an effort to minimize the costs in this action, the Court has granted the motion for leave because the opposition attached thereto does not affect the Court's ultimate decision on the merits.

[2] For the purposes of this motion, the facts as alleged in the complaint have been taken as true.

Attorney General in January of 2009.  The letter alleged that Infocision had performed work on behalf of Defendants and that "[a]t least three issues have arisen out of that contractual relationship that may be grounds for criminal charges against Infocision:  bank and/or mail fraud, forgery, and a violation of the Ohio solicitation statutes." Doc. 1-1 at 9.  Infocision claims that the contents of the letter and the act of sending the letter to the Ohio Attorney General support each of its five claims.

Following dismissal of Defendants' counterclaim, the entire matter was stayed pending resolution of a related matter.  As that matter did not come to a quick end, this Court lifted its stay on July 21, 2010.  Discovery has closed, and Defendants moved for judgment on the pleadings on October 28, 2010.  Infocision did not timely oppose the motion, but sought leave to oppose the motion on January 10, 2011.  As Infocision's opposition does not alter the Court's conclusion, the motion for leave will be granted and the opposition considered.

## II.     LEGAL STANDARD

Fed.R. Civ.P. 12(c) provides that "[a]fter the pleadings are closed -- but early enough not to delay trial -- a party may move for judgment on the pleadings."  The standard for evaluating a motion for judgment on the pleadings is the same as that applicable to a motion to dismiss under Rule 12(b)(6) for failure to state a claim.  *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2001).  Under Fed.R. Civ.P. 12(b)(6), no complaint shall be dismissed unless it has failed to allege facts in support of plaintiff's claim that, construed in plaintiff's favor, would entitle the plaintiff to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

Further, in ruling on a motion under Rule 12(c), this Court may look only at the pleadings themselves and exhibits incorporated by reference into the complaint.  *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997).  The court must accept all the allegations stated in the

complaint as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), while viewing the complaint in the light most favorable to the plaintiff.  *Sheuer v. Rhodes*, 416 U.S. 232, 236 (1974). *See also*, *Ziegler*, 249 F.3d at 512.  A court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation."  *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

### III. ANALYSIS

Defendants have moved for judgment on the pleadings on each count in the complaint. The Court will address each argument in turn.

#### A. Libel and Slander

Defendants first assert that their communication to the Ohio Attorney General is entitled to absolute privilege.  In support, Defendants rely upon *M.J. DiCorpo v. Sweeney*, 69 Ohio St.3d 497 (1994).  In *Sweeney*, the Ohio Supreme Court held as follows:

> We hold that an affidavit, statement or other information provided to a prosecuting attorney, reporting the actual or possible commission of a crime, is part of a judicial proceeding. The informant is entitled to an absolute privilege against civil liability for statements made which bear some reasonable relation to the activity reported.

*Id.* at 507.  In its untimely response, Infocision concedes that an absolute privilege should apply to the letter sent to the Ohio Attorney General.  The Court agrees.  Accordingly, judgment in favor of the Defendants on the libel and slander claims is appropriate.

#### B. Abuse of Process

Defendants next argue that Infocision's abuse of process claim must fail.  The Court agrees.

The elements of the tort of abuse of process are: "(1) that a legal proceeding has been set in motion in proper form and with probable cause; (2) that the proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was not designed; and (3) that direct

damage has resulted from the wrongful use of process." *Yaklevich v. Kemp, Schaeffer & Rowe Co.*, 68 Ohio St.3d 294, 298 (1994) (footnote omitted).

In its untimely opposition, Infocision relies upon *Donohoe v. Burd*, 923 F.2d 854 (6th Cir. 1991) (table decision) to support its conclusion that Defendants' were more than mere complaining witnesses and therefore should be liable for sending the letter.  However, in affirming a judgment for an abuse of process, the Court in *Donohoe* noted that the defendant had "misuse[d] the process and inject[ed] malice *after* the process" had issued.  *Id.* at *5 (emphasis in original).  Herein, there is nothing to suggest that Defendants took any action after initiating the process through their letter.  Infocision's argument that Defendants were attempting to use the letter "as leverage for the pending civil litigation between the parties" is simply unsupported by any factual allegations.

Furthermore, the Court notes that if it were allow this claim to move forward based solely upon the letter sent by Defendants, it would effectively strip away the absolute privilege afforded to that letter described above.  As the complaint contains no allegations of further wrongdoing by Defendants beyond the issuance of the letter, the abuse of process claim is properly dismissed.

### C. Malicious Prosecution

Defendants are also correct that the malicious prosecution claim must fail.  The elements of a claim for malicious prosecution in Ohio include: (1) malice in instituting or continuing the prosecution, (2) lack of probable cause, and (3) termination of the prosecution in favor of the accused. *Criss v. Springfield Twp.*, 56 Ohio St.3d 82, 84 (1990).  For purposes of malicious prosecution, malice means an improper purpose, or any purpose other than the legitimate interest of bringing an offender to justice. *Id*. at 85.

In its opposition, Infocision does not attempt to analyze the elements of malicious prosecution.  Furthermore, as the decision to prosecute was squarely within the discretion of the Ohio Attorney General, Infocision cannot demonstrate that Defendants instituted a prosecution.  *See, e.g., Archer v. Cachat*, 165 Ohio St. 286, 287-88 (1956) (noting that if an official uses his uncontrolled discretion to initiate charges, a private person providing information has not instituted the proceedings).  Infocision's claim further fails because no prosecution was ever instituted.  Based upon the pleadings, there is nothing to suggest that charges were ever brought against Infocision.  Accordingly, the malicious prosecution claim must fail.

### D. Civil Conspiracy

Plaintiffs' civil conspiracy claim is based upon a conclusion that Defendants conspired together to commit the torts described above.  As the Court has found that the pleadings do not state claims for the above torts, the civil conspiracy claim must also fail.

### IV. CONCLUSION

Defendants' motion for judgment on the pleadings (Doc. 12) is GRANTED.  The complaint is hereby DISMISSED.

IT IS SO ORDERED.


Date:  January 11, 2011         /s/ John R. Adams
                                Judge John R. Adams
                                UNITED STATES DISTRICT COURT