UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

FORREST THOMPSON, et al.,           )           CASE NO. 5:09CV2033
                                    )
            Plaintiffs,             )           JUDGE JOHN R. ADAMS
                                    )
    vs.                             )
                                    )
                                    )           **MEMORANDUM OF OPINION**
ROY MOORE, et al.,                  )           **AND ORDER**
                                    )
            Defendants.             )           [Resolving Doc. 36; Doc. 38]
                                    )

        This matter comes before the Court on Defendants' motion for recovery of costs,

expenses, and attorneys' fees pursuant to 28 U.S.C. § 1927 and the Court's inherent authority.

Doc. 36.  On January 10, 2011, Plaintiffs sought leave to oppose the motion.  Doc. 38.  Based

upon the Court's conclusion, the motion for leave is GRANTED.[1]  Accordingly, the Court has

considered the pleadings, parties' memoranda, and applicable law.  For the reasons discussed

below, the motion for recovery of costs, expenses, and attorneys' fees is GRANTED.

I.      **BACKGROUND**

        On August 3, 2009, Plaintiffs Forrest Thompson and Infocision Management Corp.

("Infocision") filed a complaint in the Summit County Court of Common Pleas.  On August 31,

2009, Defendants Roy Moore, Richard Hobson, Benjaman DuPre, Carl Albright, and the

Foundation for Moral Law, Inc., removed the complaint to this Court.  The complaint contained

five claims: (1) libel, (2) slander, (3) abuse of process, (4) malicious prosecution, and (5) civil

conspiracy.  All claims stemmed from the same core facts alleged by Infocision.  Those alleged

facts are as follows.  Benjamin DuPre sent a letter to the Ohio Attorney General in January of

---

[1] The Court has granted the motion for leave because the opposition thereto does not affect the
Court's ultimate decision on the merits.

2009.  The letter alleged that Infocision had performed work on behalf of Defendants and that "[a]t least three issues have arisen out of that contractual relationship that may be grounds for criminal charges against Infocision: bank and/or mail fraud, forgery, and a violation of the Ohio solicitation statutes."  Doc. 1-1 at 9.  Infocision claimed that the contents of the letter and the act of sending the letter to the Ohio Attorney General supported each of its five claims.

Infocision brought the present action while a prior action, a separate and consolidated case against Defendants regarding breach of their contractual relationship, was pending before Judge Sara Lioi in this Court.  On July 27, 2010, five days before Infocision filed the present action, which concerns the letter, Judge Lioi granted Infocision summary judgment on Defendants' intentional misrepresentation claim in the breach of contract case.  On October 27, 2010, Judge Lioi decided a question concerning a provision of the contract between the parties in favor of Infocision and again granted it summary judgment.  Defendants appealed that decision, and this Court stayed the present action pending the appeal from Judge Lioi's decision.  As the appeal was not resolved quickly, this Court lifted its stay on July 21, 2010, and ordered that discovery be completed no later than January 1, 2011.

Defendants moved for judgment on the pleadings on October 28, 2010.  Doc. 35. Infocision did not timely oppose the motion.  On December 8, 2010, three weeks before the discovery deadline and with no discovery requests made by Infocision, Defendants filed a motion for recovery of costs, expenses, and attorneys' fees.  Doc. 36.  Defendants argue that the present action was "frivolous and vexatious" and allege that counsel for Infocision brought the case as "retaliation" for sending the letter to the Ohio Attorney General.  Doc. 36 at 1, 9. Defendants further allege that Infocision used the case as a "burdensome [settlement] bargaining

chip" in the breach of contract case.  Doc. 36 at 9.  Infocision sought leave to oppose both motions on January 10, 2011.  Doc. 37; Doc. 38.

In its untimely opposition to Defendants' motion for recovery of costs, expenses, and attorneys' fees, counsel for Infocision argues that the Defendants' motion is premature because at the time of its filing the Defendants' motion for judgment on the pleadings was unresolved. Doc. 38-1.  On January 11, 2011, the Court granted Defendants' motion for judgment on the pleadings and dismissed the complaint.  Doc. 39.  The Court concluded that the pleadings did not contain any viable claims because an absolute privilege applies to the letter sent to the Ohio Attorney General.[2]  Doc. 39. at 3.  Counsel for Infocision also argues that he filed the present action in good faith.  Doc. 38-1.  As Infocision's opposition does not alter the Court's conclusion, the Court will grant Infocision's motion for leave and consider its opposition.

## II.  LEGAL STANDARDS

### A.  Attorney Sanctions under 28 U.S.C. § 1927

Although "a prevailing party may not ordinarily recover attorneys' fees," it may do so when a statute provides for such an award.  *See Shimman v. Int'l Union of Operating Engineers, Local 18*, 744 F.2d 1226, 1229 (6th Cir. 1984) (explaining the "American Rule" regarding attorneys' fees).  Section 1927 provides for an award of costs and fees where an attorney has "multiplie[d] the proceedings in any case unreasonably and vexatiously."  28 U.S.C. § 1927. The purpose of § 1927 sanctions are to "deter dilatory litigation practices and to punish aggressive tactics that far exceed zealous advocacy."  *Red Carpet Studios Div. of Advantage, Ltd. v. Sater*, 465 F.3d 642, 646 (6th Cir. 2006).

---

[2] Infocision took no appeal from the Court's order dismissing the complaint.

3

In *Wilson-Simmons v. Lake County Sheriff's Department*, 207 F.3d 818, 824 (6th Cir. 2000), the Sixth Circuit set forth the following standard to apply in determining whether sanctions are warranted under § 1927:

> Sanctions under § 1927 are warranted when an attorney has engaged in some sort of conduct that, from an objective standpoint, falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party.  An attorney's ethical obligation of zealous advocacy on behalf of his or her client does not amount to *carte blanche* to burden the federal courts by pursuing claims that are frivolous on the merits . . . . Accordingly . . . when an attorney knows *or reasonably should know* that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of nonfrivolous claims, a trial court does not err by assessing fees attributable to such actions against the attorney.  Bad faith is not required to support a sanction under § 1927.

*Id.* (emphasis in original) (citations omitted) (internal quotation marks omitted).

More recently, the Sixth Circuit has stated that sanctions are appropriate under § 1927 when an attorney "intentionally abuses the judicial process or knowingly disregards the risk that his actions will needlessly multiply proceedings."  *Red Carpet Studios*, 465 F.3d at 646.  In *Garner v. Cuyahoga County Juvenile Court*, 554 F.3d 624, 645 (6th Cir. 2009), the Sixth Circuit noted that this language "suggests a higher standard than the one described above in *Wilson-Simmons*."  The Sixth Circuit declined to reconcile any "apparent conflict" between the standards because it concluded that the district court's finding that the attorney facing sanctions in *Garner* "intentionally pursued meritless claims" satisfied either standard.  *Garner*, 554 F.3d at 645; *Jones v. Continental Corp.*, 789 F.2d 1125, 1230 (6th Cir. 1986).

This Court does not read *Red Carpet Studios* as establishing or applying a higher standard than the one set forth in *Wilson-Simmons*.  A standard providing for sanctions when an attorney "knowingly disregards the risk that his actions will needlessly multiply proceedings," *Red Carpet Studios*, 465 F.3d at 646, is similar to a standard providing for sanctions when an attorney

4

"*reasonably should know* that his or her tactics will needlessly obstruct the litigation of nonfrivolous claims," *Wilson-Simmons*, 207 F.3d at 824 (emphasis in original).  Both standards invoke recklessness, "a showing of something less than subjective bad faith, but something more than negligence or incompetence."  *See Red Carpet Studios*, 465 F.3d at 646.  However, consistent with the Sixth Circuit's approach in *Garner*, the Court need not resolve any conflict because the Court concludes that in filing the present action, counsel for Infocision "intentionally pursued meritless claims," thereby satisfying either standard.  *Garner*, 554 F.3d at 645.

**B.     Attorney Sanctions based on the Court's Inherent Authority**

Even in the absence of statutory authorization, the Court may use its inherent authority to sanction "counsel who willfully abuse judicial processes or who otherwise act in bad faith."  *Red Carpet Studios*, 465 F.3d at 646 (citing *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766-67 (1980)).  The decision to award attorneys' fees under the court's inherent powers "rests in the sound discretion of the trial court."  *Jones*, 789 F.2d at 1229.  Yet, "because of their very potency, inherent powers must be exercised with restraint and discretion."  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991).  As such, in order to find willful abuse of the judicial process or other conduct "tantamount to bad faith," *Roadway Express*, 447 U.S. at 767, "a district court must find that 'the claims advanced were meritless, that counsel knew or should have known this, and that the motive for filing the suit was for an improper purpose such as harassment,'" *Big Yank Corp. v. Liberty Mutual Fire Insurance Co.*, 125 F.3d 308, 313 (6th Cir. 1997) (quoting *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1375 (6th Cir. 1987)).

5

### III.    DISCUSSION

#### A.    Jurisdiction

Infocision asserts that the Defendants "prematurely and presumptuously" filed their motion for recovery of costs, expenses, and attorneys' fees.  Doc. 38 at 1.  The basis for this assertion is that at the time of this motion's filing the Defendants' motion for judgment on the pleadings was unresolved.  Doc. 38 at 1.  This argument is moot because on January 11, 2011, the Court granted Defendants' motion for judgment on the pleadings and dismissed the complaint.  Doc. 39.  Moreover, "the Supreme Court has consistently held that federal courts retain jurisdiction over issues – such as sanctions – that are collateral to the merits." *Red Carpet Studios*, 465 F.3d at 645 (holding that a district court has jurisdiction even when the underlying litigation is settled and the case closed).

#### B.    Sanctionable Conduct under 28 U.S.C. § 1927

The complaint filed in Ohio state court by counsel for Infocision contained five claims: (1) libel, (2) slander, (3) abuse of process, (4) malicious prosecution, and (5) civil conspiracy. Infocision claimed that the contents of the letter sent by Defendants to the Ohio Attorney General and the act of sending the letter supported each of its five claims.

##### 1.    Libel and Slander

In *M.J. DiCorpo v. Sweeney*, 634 N.E.2d 203, 210 (Ohio 1994), the Ohio Supreme Court held as follows:

> We hold that an affidavit, statement or other information provided to a prosecuting attorney, reporting the actual or possible commission of a crime, is part of a judicial proceeding.  The informant is entitled to an absolute privilege against civil liability for statements made which bear some reasonable relation to the activity reported.

*Id.* at 210.  The Defendants' communications with the Ohio Attorney General plainly fall within the language of *Sweeney* and are therefore entitled to an absolute privilege, as the Court held in

6

granting Defendants' motion for judgment on the pleadings.  Doc. 39 at 3.   Accordingly, the Court finds that counsel for Infocision reasonably should have known that the libel and slander claims were frivolous because there is no legal basis to support them.

### 2.    Abuse of Process

The elements of the tort of abuse of process are: "(1) that a legal proceeding has been set in motion in proper form and with probable cause; (2) that the proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was not designed; and (3) that direct damage has resulted from the wrongful use of process."  *Yaklevich v. Kemp, Schaeffer & Rowe Co.*, 626 N.E.2d 115, 118 (Ohio 1994); *see also Clermont Environmental Reclamation Co. v. Hancock*, 474 N.E.2d 357, 362 (Ohio 1984) ("abuse of process connotes the use of process properly initiated for improper purposes").

It is apparent from the pleadings and Infocision's untimely opposition to Defendants' motion for recovery of costs, expenses, and attorneys' fees that the Ohio Attorney General did nothing more than initiate an investigation of Infocision regarding alleged criminal misconduct.  Doc. 1-1 at 4; Doc. 37-1 at 4.  Infocision did not claim that any arrest, summons, criminal prosecution, or other legal proceeding resulted from such investigation.  Therefore, the Court finds that counsel for Infocision reasonably should have known that the abuse of process claim was frivolous because the Ohio Attorney General did not set in motion any process against Infocision.  Moreover, without this process, Infocision could not possibly establish the remaining two elements of such a claim.

### 3.    Malicious Prosecution

The elements of a claim for malicious prosecution in Ohio include: "(1) malice in instituting or continuing the prosecution, (2) lack of probable cause, and (3) termination of the

prosecution in favor of the accused." *Criss v. Springfield Twp.*, 564 N.E.2d 440, 443 (1990). One of the "fundamental rules" regarding the claim of malicious prosecution is that "[w]here a private person gives to a prosecuting officer information which he believes to be true, and the officer in the exercise of his uncontrolled discretion initiates criminal proceedings based on that information, the informer is not liable . . . even though the information proves to be false and his belief therein was one which a reasonable man would not entertain." *Archer v. Cachat*, 135 N.E.2d 404, 406 (Ohio 1956).

Again, counsel for Infocision provided no evidence that the Ohio Attorney General instituted any prosecution or brought any charges against Infocision.  Doc. 1-1 at 4-5; Doc. 37-1 at 4.  In addition, Infocision did not allege that Defendants exercised any control over the Ohio Attorney General.  *See* Doc. 1-1 at 5.  Moreover, in its untimely opposition to Defendants' motion for judgment on the pleadings counsel for Infocision did not even attempt to analyze the elements of malicious prosecution.  *See* Doc. 37-1 at 4.  Accordingly, the Court finds that counsel for Infocision reasonably should have known that the malicious prosecution claim was also frivolous.

### 4.    Civil Conspiracy

Infocision based its civil conspiracy claim on allegations that Defendants conspired to commit the torts described above.  Accordingly, the Court finds that because counsel for Infocision reasonably should have known the underlying tort claims were frivolous, he reasonably should have known that the civil conspiracy claim was frivolous as well.

Based on the above analysis, the Court finds that counsel for Infocision reasonably should have known that each of Infocision's five claims were frivolous.  Furthermore, the Court finds evidence that counsel for Infocision in fact knew the claims were frivolous in that he made

8

no discovery requests and filed an untimely response to Defendants' dispositive motion for judgment on the pleadings due to "inadvertent oversight."  Therefore, the Court concludes that in filing the present action counsel for Infocision intentionally pursued meritless claims and thus sanctions under 28 U.S.C. § 1927 are appropriate.

### C.    Sanctionable Conduct based on the Court's Inherent Authority

Defendants also move the Court for an award of attorneys' fees based on the Court's inherent authority.  Although the Court concludes that such an award is appropriate under § 1927, the Court agrees with Defendants that the Court's inherent authority is also an appropriate basis for sanctions.   As stated above, the Court finds that each of Infocision's five claims was frivolous and that counsel for Infocision reasonably should have known this.  Thus, the only question that remains with regard to whether counsel for Infocision willfully abused the judicial process is whether "the motive for filing the [present action] was for an improper purpose such as harassment."  *See Smith*, 829 F.2d at 1375.

Typically, willful abuse of the judicial process "includes the violation of a court order or other 'impermissible litigation practices.'"  *Kleinmark v. St. Catherine's Care Ctr.*, 585 F. Supp. 2d 961, 966 (N.D. Ohio 2008) (quoting *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 514 (6th Cir. 2002)).   For example, in *First Bank of Marietta*, the Sixth Circuit affirmed sanctions based on the inherent authority of the district court against a plaintiff bank that used the legal system for the improper purpose of "threaten[ing] and harass[ing]" an insurance company "in an attempt to force settlement" of meritless claims.  307 F.3d at 524. Here, similar to *First Bank of Marietta*, the Defendants allege that counsel for Infocision brought the present action concerning the letter in order to harass them into a settlement that would include the meritless claims contained therein.  However, unlike in *First Bank of Marietta* where

9

the bank's attempt to force a settlement dealt only with a single case, Defendants allege that counsel for Infocision used the present action as a "burdensome [settlement] bargaining chip" against them in the breach of contract case.  Doc. 36 at 9.

Specifically, Defendants allege that at "several mediation [sic] and conferences in the initial litigation in Judge Lioi's court, [counsel for Infocision] has repeatedly offered to drop the [present action] as part of a 'walkaway' settlement offer for all litigation between the parties." Doc. 41-1 at 6.  The Court finds support for these specific allegations in the fact that counsel for Infocision does not challenge their validity in either his untimely opposition to Defendants' motion for recovery of costs, expenses, and attorneys' fees or his reply memorandum for leave to file the opposition.  *See* Doc. 38-1; Doc. 42.  The Court finds further support for the overarching allegation of harassment in the fact that counsel for Infocision fought removal of the present action to federal court, but then, without good cause, failed to file a timely an opposition to Defendants' dispositive motion for judgment on the pleadings.  In addition, after receiving notice in Defendants' motion for judgment on the pleadings that the letter sent to the Ohio Attorney General is plainly entitled to an absolute privilege under Ohio law, counsel for Infocision sought leave to file an opposition in which he conceded the absolute privilege.  Lastly, the fact that counsel for Infocision made no discovery requests is additional evidence that he did not file the present action in good faith, but rather filed the suit for the improper purpose of harassing the Defendants.

Accordingly, the Court finds that counsel for Infocision filed the present action for the improper purpose of harassing the Defendants and that he reasonably should have known these claims were meritless.  As such, the Court concludes that the Court's inherent authority is also an appropriate basis for sanctions.

10

**IV.**     **CONCLUSION**

For the reasons stated above, the Defendant's motion for recovery of costs, expenses, and attorneys' fees pursuant to 28 U.S.C. § 1927 and the Court's inherent authority is GRANTED. Doc. 36.  Accordingly, the Court ORDERS both parties to submit documentation to the Court within fourteen days for the purposes of determining the appropriate amount of costs, expenses, and attorneys' fees to assess.

IT IS SO ORDERED.

DATE: August 1, 2011           */s/ John R. Adams*_____
                                                            Judge John R. Adams
                                                            UNITED STATES DISTRICT COURT

11